LEO P. BERGIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27951. Promulgated September 25, 1930.

*Wilbur D. Smith, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

SEAWELL: The evidence shows that all the attorneys' and trustees' fees as detailed in our findings of fact were paid at or after the expiration of ten years from January 25, 1912, the date of the death of John J. Bergin, the testator.

At the time of the entry of the court decree adjudging the amounts and directing the payment from the trust estate of said attorneys' and trustees' fees the three residuary beneficiaries, of which petitioner was one, became vested with the legal title to the residuary estate, subject, however, to payment of costs and the fees. The fees by agreement between the trustees and the residuary beneficiaries were fixed and determined and, under the agreement, ordered by the court to be paid out of the trust estate. It is under these circumstances that the petitioner claims as a deduction in his 1922 individual income-tax return one-third of the amount of fees paid as aforesaid. In justification of his claimed deduction, *Grace M. Knox et al., Executors*, 3 B. T. A. 143, is cited and relied on. In that case, the will of the decedent expressly provided that his executors and trustees should during the period of their service in such capacity receive as compensation a fixed annual salary in lieu of statutory fees and commissions and that such salary should be paid out of the income of the estate.

We held in said *Knox* case, *supra*, that executors and trustees are essentially employees of the estate and their compensation is one of the ordinary and necessary expenses of the estate and properly deductible from the income thereof and that there is no provision in the statutes of the State of New York or in the Federal tax laws which could be urged to defeat the carrying out of the testator's purpose set forth in his will. There is no question that the executors and trustees under the will of John J. Bergin were entitled to reasonable fees for their services as such and that such fees and proper fees for legal advice or services rendered them in the discharge of their duties might be paid out of income of the trust estate as provided in the will and be chargeable as a deductible item of expense in their tax return as such executors and trustees. But in the instant case it is not an executor or trustee that in his return as such is making claim of such fees as deductible. It is a residuary legatee and devisee who is claiming as a deductible expense in his 1922 individual income-tax return one-third of the attorneys' and trustees' fees which were paid under order of the court and with the consent of the residuary beneficiaries out of the trust estate. The costs and reasonable compensation or fees to the attorneys and trustees had to be paid, under orders of the court, out of the trust estate before the petitioner as a residuary beneficiary could acquire absolute title to one-third of the residuary estate.

The fact that the petitioner received in the final distribution of the estate a net sum or property of value less by one-third of the amount of the fees paid the attorneys and trustees than he would have received had such fees not been paid does not entitle him to the deduction claimed. No part of the fees so paid the attorneys and trustees was ever petitioner's property, whether paid before, or at the time of or after the distribution of the estate to the residuary beneficiaries, subject to such payment. Never having been the property of petitioner, he is not entitled to deduct one-third the amount of fees paid the attorneys and trustees out of the trust estate under the court's decree. In the circumstances of the instant case, such payments do not meet the test of the statute for allowance of deductions. We are of the opinion that the respondent committed no error.

*Judgment will be entered for the respondent.*